UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC HASHAGEN**, <br><br> Plaintiff, <br><br> v. <br><br> **COLLECTO, INC. dba EOS CCA,**, <br><br> Defendant. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**ERIC HASHAGEN** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **COLLECTO, INC. dba EOS CCA**, (Defendant):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87

(2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Commonwealth of Pennsylvania and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the Commonwealth of Pennsylvania.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Horsham, Pennsylvania 19044.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 700 Longwater Drive, Norwell, Massachusetts 02061.

10. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number.

15. Plaintiff has only used this phone number as a cellular telephone.

16. Defendant repeatedly called Plaintiff on his cellular telephone to collect an alleged consumer debt or debts.

17. Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

18. Because Plaintiff cannot owe any business or commercial debts, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

19. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

20. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a noticeable pause or delay or an automated message before being connected with Defendant's live representatives.

21. Defendant's calls were not made for "emergency purposes."

22. Shortly after the calls began, Plaintiff first told defendant to stop calling, revoking any consent Defendant may have had or though it had to call.

23. Defendant heard and acknowledged this request to stop calling.

24. Once Defendant knew its calls were unwanted and to stop calling, all further calls could have only been made solely for purposes of harassment.

25. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff.

26. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

27. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

30. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

31. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing at all times its calls were unwanted.

32. Because Plaintiff informed Defendant that he did not wish to be contacted, Defendant's repeated calls to Plaintiff had the natural consequence of harassing, oppressing, abusing, and annoying Plaintiff, and Defendant intended that its actions have these consequences.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA**

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has

the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

35. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

36. Defendant's calls were not made for "emergency purposes."

37. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

38. Any consent Defendant may have thought it had to call Plaintiff on his cellular telephone using an automatic telephone dialing system or prerecorded voice was revoked at the moment Plaintiff told defendant to stop calling him.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **ERIC HASHAGEN**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

  b.  Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

  c.  All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

  d.  All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

  e.  Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

  f.  Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  g.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

  h.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **ERIC HASHAGEN**, demands a jury trial in this case.

Respectfully submitted,

Dated: 3/5/2020

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com